IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2007 JUL 19  P 1: 19

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| SHANE GALLAGHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 1:07CV660-WHA |
| GENEVA COUNTY COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM BRIEF IN SUPPORT OF THE
## GENEVA COUNTY COMMISSION'S MOTION TO DISMISS

COMES NOW the Geneva County Commission, Defendant in the above-styled cause, and submits this Brief in Support of its Motion to Dismiss filed contemporaneously herewith. Dismissal is appropriate pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure in that the Plaintiff's Complaint, and its component parts, separately and severally fail to state a claim against this Defendant upon which relief may be granted.

## INTRODUCTION

The Plaintiff Shane Gallagher filed a Complaint on May 25, 2007, asserting various claims against the Defendant. The Plaintiff contends that Geneva County, Alabama violated his rights under 42 U.S.C. § 1983 by causing him to be falsely arrested. See Count One. While the Plaintiff never articulates the constitutional amendment implicated by this "false arrest," Defendant will assume that he intended to bring a Fourth Amendment false arrest claim[1]. Monroe v. Pape, 365 U.S. 167 (1961). Should this court construe this or any other claim as one

---

[1] During Count One, the Plaintiff seemingly switches from a "false arrest" claim to a "false imprisonment" claim. See Complaint at ¶4. As with the "false arrest" claim, this Defendant will assume that the Plaintiff is making a "false imprisonment" claim pursuant to the United States Constitution. Such a claim is founded upon the Fourteenth Amendment. See Baker v. McCollan, 443 U.S. 137, 146 (1979).

based on state law, Defendant contends that those issues are sufficiently addressed by this Motion, but would request any opportunity to more fully address those claims as this Court sees fit.

## ARGUMENT

A motion to dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-6 (1957)). The Plaintiff's Complaint contains little more than conclusory allegations that cannot survive a motion to dismiss. See Aquatherm Indus., Inc. v. Florida Power & Light Co., 145 F.3d 1258, 1261 (11th Cir. 1998) (affirming dismissal and approving district court's reasoning that "vague, conclusory allegations are insufficient to state a claim upon which relief can be granted"). "Pleadings must be something more than an ingenious academic exercise in the conceivable." Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted). In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6). Marsh, 268 F.3d at 1036 n.16; see also South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss").

Accepting, *arguendo*, the truth of the Plaintiff's factual allegations, his claims are nonetheless due to be dismissed for the reasons stated herein.

I.  THE PLAINTIFF'S FEDERAL LAW CLAIMS ARE DUE TO BE DISMISSED.

    A.  <u>Geneva County, Alabama is entitled to have the Plaintiff's 42 U.S.C. § 1983 claims against it dismissed.</u>

Several grounds warrant the dismissal of the § 1983 claims against Geneva County. First, since section 1983 is not a source of substantive rights, Geneva County's alleged "violation" of this provision fails to state a claim. Second, the Plaintiff fails to allege that any policy or custom of Geneva County was the moving force behind the alleged violation of his rights. Finally, Geneva County cannot be held vicariously liable for the actions of Sheriff Ward because Sheriff Ward is not a Geneva County employee for purposes of *respondeat superior*.

        1.  **Forty-two U.S.C. § 1983 is not a source of substantive rights; therefore, "violation" of this section fails to state a claim.**

Section 1983 is not a source of substantive rights; it merely provides a method for the vindication of rights elsewhere conferred in the United States Constitution. See <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 617-18 (1979) ("one cannot go into court and claim a 'violation of § 1983' – for § 1983 by itself does not protect anyone against anything."); <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979) (section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."). Plaintiff states in paragraph fourteen of his Complaint that "Defendant's actions violated 42 U.S.C. §1983." Complaint at ¶ 14. However, because this section is not a source of substantive rights, all claims premised on a "violation" of this section are due to be dismissed.

        2.  **The Plaintiff has failed to allege that any policy or custom of Geneva County was the moving force behind the alleged violation of his rights.**

One of the only ways a plaintiff may assess liability to a county pursuant to 42 U.S.C. § 1983 is by showing that a policy or custom of the county, or one of the county's policymakers,

caused the violation of that plaintiff's constitutional rights. Put another way, "to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citations omitted). The Plaintiff has failed to allege any practice or policy established by Geneva County which could cause the County to be liable for the actions of any person referred to in the Complaint. The United States Supreme Court issued the following concise explanation of the nuances of municipal policy and custom:

> [I]n *Monell* and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal "policy" or "custom" that caused the plaintiff's injury. Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.

Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403-404 (1997) (citations omitted); see also Colle v. Brazos County, 981 F.2d 237, 245 (5th Cir. 1993) ("A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.").

As mentioned above, a county's custom or policy may be the product of formal legislative action by the county's governing body, for instance, or may be created less formally through the actions of a county policymaker. It is true that a county may be held liable for a constitutional violation caused by a policy or custom established by an official "whose edicts or acts may fairly be said to represent official policy," Monell, 436 U.S. at 694, but whether a given official is properly viewed as a policymaker for a particular governmental entity must be resolved on the basis of state law. See Jett v. Dallas Indep. School Dist., 491 U.S. 701, 737 (1989). The Complaint does not identify an individual alleged to have implemented or executed Geneva County policy or custom.

Since a "county" is incapable of acting on its own, Defendant Geneva County will assume for purposes of the instant argument that Plaintiff's allegations are intended to implicate Defendant Sheriff Greg Ward as the individual who implemented or executed Geneva County policy or custom.

Alabama law makes it clear that sheriffs are *not* county policymakers. See McMillian v. Monroe County, Ala., 520 U.S. 781, 788 (1997) (holding Alabama sheriff policymaker of state, not county); King v. Colbert County, 620 So. 2d 623, 625 (Ala. 1993) (holding county commission has no control over jail operations); see also Crocker v. Shelby County, 604 So. 2d 350 (Ala. 1992) (holding county commission has no authority over, and takes no part in, training or supervising deputy sheriffs); Lockridge v. Etowah County Comm'n, 460 So. 2d 1361, 1363 (Ala. Civ. App. 1984) (holding county commission does not have authority to promulgate work rules for employees of sheriff). Since an Alabama sheriff is not a county policymaker, any policy or custom of a sheriff *cannot* be attributed to the county he or she represents. McMillian, 520 U.S. at 788.

Moreover, the Plaintiff has not – and cannot – show that any custom or policy of Geneva County was the *moving force* behind the constitutional violation alleged. When attempting to demonstrate a policy, it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to a municipality. The plaintiff must illustrate to the court that the municipality, through its deliberate conduct, was the "moving force" behind the alleged constitutional deprivation. Brown, 520 U.S. at 404; see also Polk County v. Dodson, 454 U.S. 312, 326 (1981). Only "when execution of a government's policy or custom" is responsible for "inflict[ing] the injury," and thus "the moving force of the constitutional violation," is the governmental entity liable. Monell, 436 U.S. at 694; see also Farred v. Hicks, 915 F.2d 1530, 1532-33 (11th Cir. 1990); Anderson v. City of Atlanta, 778 F.2d 678, 685 (11th Cir. 1985). A

plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the alleged injury. Brown, 520 U.S. at 404.

Assuming the Complaint intends to argue that Sheriff Greg Ward acted on behalf of Geneva County – since the Plaintiff failed to specifically identify anyone alleged to have acted for the County, such claims in the Complaint are due to be dismissed as Alabama sheriffs are not county policymakers and their policy or custom cannot be attributed to the county for which he or she holds office. Additionally, because there is no allegation showing that Geneva County enacted a policy or custom that was the "moving force" behind the Plaintiff's alleged injury, the Plaintiff's claims against Geneva County are due to be dismissed.

### B. Geneva County cannot be held vicariously liable for the actions of Sheriff Ward because Sheriff Ward is not a Geneva County employee for purposes of *respondeat superior*.

The Plaintiff appears to hold Geneva County vicariously liable for the alleged unlawful acts of Sheriff Ward or his officers.[2] Complaint at ¶¶ 8, 16. Alabama law clearly gives counties only the powers delegated to them by the legislature. McMillian, 520 U.S. at 790 (characterizing Alabama counties as "creatures of the State who have only the powers granted to them by the State"). Law enforcement authority is *not* a power delegated to the counties. Id. ("the 'powers and duties' of the counties themselves . . . do not include any provision in the area of law enforcement."). Consequently and as more fully explained below, the Plaintiff's Complaint fails to state a valid claim against Geneva County.

---

[2] The Plaintiff fails to identify any individual(s) who allegedly acted on behalf of Geneva County. As Geneva County, Alabama is a corporate entity and able to act only through its agents, officials and/or employees, Defendant Geneva County will assume for purposes of parts of this Motion that Plaintiff is attempting to hold the County responsible for the action/omissions of Sheriff Ward.

The Plaintiff's claims against Geneva County appear to be based on the actions/omissions of Sheriff Ward or his officers. However, as a matter of law, the sheriff is not an agent, servant, or employee of Geneva County. See McMillian, 520 U.S. at 793 ("Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties."). As a matter of black letter agency law, one cannot be held liable for the actions of a person who is not an agent, servant, or employee. Merrell v. Joe Bullard Oldsmobile, Inc., 529 So. 2d 943, 945 (Ala. 1988) (requiring that an agent commit a tort within the course and scope of the agent's employment before imposing liability on the agent's principal). Consequently, Geneva County cannot be held liable under any conceivable set of facts that the Plaintiff can prove.

Under Alabama law, sheriffs are *state* officials. See Art. V, § 112, Ala. Const. of 1901 ("[t]he executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county"). As a constitutional branch officer, the sheriff acts for the state, not the county, when performing his duties. McMillian, 520 U.S. at 793.

In McMillian, the plaintiff alleged, *inter alia*, that the sheriff of Monroe County and one of his investigators were responsible for his wrongful conviction of murder. 520 U.S. at 783-84. The plaintiff subsequently filed a § 1983 lawsuit that included Monroe County as a defendant on the theory that the sheriff was a final policymaker for the county. Id. The Court held that an Alabama sheriff is a state official for law enforcement purposes. Id. at 793.

In doing so, the Court examined Alabama's Constitution, statutes, and case law. The Court began by examining Art. V, § 112, Ala. Const. of 1901, and the legislative history of that provision. The Court found that sheriffs were removed from the county to make them more

accountable. Id. at 788-89. Turning to an examination of the statutory law, the Supreme Court found that an Alabama sheriff was expressly given law enforcement authority in the county. Id. at 790 (citing Ala. Code § 36-22-3(4)). In performing this duty, the sheriff reports to, and is subject to the orders of, state officials. Id. at 791 (citing Ala. Code § 36-22-5). Counties, on the other hand, have no law enforcement authority under Alabama law. Id. at 790 (citing Ala. Code § 11-3-11).

The Court also examined the Alabama Supreme Court's treatment of the issue of the sheriff's status. The United States Supreme Court noted that the Alabama Supreme Court had concluded that the sheriff is a state official. Id. at 792 n.7 (citing Parker v. Amerson, 519 So. 2d 442 (Ala. 1987)). The McMillian Court also took note of the fact that the Eleventh Circuit, construing the same statutory scheme, has also found that Alabama sheriffs are state, not county, officers. See, e.g., McMillian v. Johnson, 88 F.3d 1573, 1578 (11th Cir. 1996). Alabama's Constitution, its statutes, and every level of state and federal courts have held that Alabama counties are not responsible for, and wield no authority over, sheriffs.

Accordingly, the allegations of the Plaintiff's Complaint related to the actions of Sheriff Ward or his officers fail to allege any wrongdoing on the part of a Geneva County employee or someone over whom Geneva County has authority or control.

## II.   ALL CLAIMS AGAINST FICTITIOUS PARTIES ARE DUE TO BE STRICKEN.

The Plaintiff also names fictitious parties "X, Y, and Z." See Style of Complaint. However, there is no fictitious party practice in federal courts. See Rule 10(a) ("[i]n the Complaint, the title of the action shall include the names of all the parties. . ."); New v. Sports and Recreation, Inc., 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997) (holding fictitious party practice is not permitted in federal court and plaintiff's failure to name parties required that court to strike

parties). Thus, Plaintiff's claims are due to be stricken against these fictitious parties.

### III.  THE GENEVA COUNTY COMMISSION IS IMMUNE FROM PUNITIVE DAMAGES.

It is well settled that local governments are immune from punitive damages under § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Wheeler v. City of Pleasant Grove, Alabama, 883 F.2d 267, 271 (11th Cir. 1987); Housing Investors, Inc. v. City of Clanton, Ala., 68 F. Supp. 2d 1287, 1296 (M.D. Ala. 1999) ("The city will therefore remain as a defendant, but, notably, the city is immune from claims for punitive damages."). Further, state law prohibits punitive damages from being awarded against counties and municipalities. See Ala.Code § 6-11-26 ("Punitive damages may not be awarded against the State of Alabama or any county or municipality thereof, or any agency thereof . . ."); Harrelson v. Elmore County, Ala., 859 F. Supp. 1465, 1469 (M.D. Ala. 1994) (applying statute to strike punitive damages claims made under state law). As a result, the Plaintiff's claims for punitive damages are due to be dismissed.

Respectfully submitted this 19th day of July, 2007.

                                            /s/ C. Richard Hill, Jr.
                                            C. RICHARD HILL, JR. (HIL045)
                                            Attorney for Defendant
                                            Geneva County Commission

OF COUNSEL:

Webb & Eley, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124-0909
(334) 262-1850 - Telephone
(334) 262-1772 – Fax
rhill@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of July, 2007, I filed the foregoing with the Clerk of the Court and mailed, postage prepaid, a copy of the same to the following:

J. E. Sawyer, Jr., Esquire
203 Edwards Street
Enterprise, Alabama 36330

and that I have served the foregoing Memorandum Brief in Support of the Motion to Dismiss by sending a copy of the same via Federal Express, fees paid, upon:

Honorable Gale Laye
Geneva County Circuit Court Clerk
200 N. Commerce Street
Geneva, Alabama 36340

_____
OF COUNSEL