**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **SHANE GALLAGHER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: 1:07-cv-660-WHA** |
| | ) |
| **GENEVA COUNTY COMMISSION,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendant.** | ) |

**GENEVA COUNTY COMMISSION'S REPLY**
**TO PLAINTIFF'S MOTION FOR REMAND**

COMES NOW the Geneva County Commission, a Defendant in the above-styled cause, and responds to the Court's Order to show cause as follows:

1.      On July 19, 2007, this Defendant submitted a Notice of Removal, Motion to Dismiss, and Memorandum Brief in support thereof to this Court. See Docs. 1-3.

2.      In response to the Court's Order, the Plaintiff filed a Motion to Remand his action to the Circuit Court of Geneva County, Alabama on July 27, 2007. See Doc. 5.

3.      Count II of the Plaintiff's Complaint is entitled "Civil Rights Violation" and alleges that "Defendant's actions violated 42 U.S.C. § 1983." Complaint, ¶ 14. The Plaintiff attempts to invoke the jurisdiction of the Circuit Court of Geneva County, Alabama via 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4.      As the Defendant states in its Notice of Removal, this Court has original jurisdiction of the instant action pursuant to 28 U.S.C. § 1331. See 28 U.S.C. § 1331 ("The district courts shall have *original* jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") (emphasis added).

5.     Federal statutory law expressly provides for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

6.     When a United States District Court has jurisdiction of some, but not all, claims or causes of action within a case, "the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."  28 U.S.C. § 1441(c).

7.     The Plaintiff maintains that this case was improperly removed to this Court given that "[t]he Eleventh Amendment to the United States Constitution 'bars suit in federal court by an individual citizen against a sovereign state of the Union'."  Motion for Remand (Doc. 5), ¶ 1 quoting Roach v. West Virginia Regional Jail and Correctional Facility Authority, 74 F.3d 46, 48 (4th Cir. 1996) (citing Edelman v. Jordan, 415 U.S. 651 (1974)).

8.     The Plaintiff is correct that the Eleventh Amendment to the United States Constitution "prohibits a federal court from exercising jurisdiction over a lawsuit against a state, unless that state either consents to be sued or waives its immunity from such suit."  Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) citing Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 98-100 (1984).  He is *incorrect*, however, in asserting that Defendant Geneva County Commission is a "state entity" against whom an action in federal court is barred by the Eleventh Amendment.  Motion for Remand (Doc. 5), ¶ 2.

9.    More than one hundred years ago, the United States Supreme Court held that the Eleventh Amendment does *not* prohibit suits against counties in federal court. <u>Lincoln County v. Luning</u>, 133 U.S. 529, 530 (1890). The Supreme Court reaffirmed this principle thirty years ago when it announced that the "bar of the Eleventh Amendment to suit in federal courts…***does not extend to counties*** and similar municipal corporations." <u>Mt. Healthy City School Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 280 (1977) (citations omitted) (emphasis added). The Supreme Court again reaffirmed this principle more recently in <u>Hess v. Port Auth. Trans-Hudson Corp.</u>, 513 U.S. 30, 43 (1994) ("'the Court has consistently refused to construe the Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a 'slice of state power'") (citation omitted). The Eleventh Circuit Court of Appeals and United States District Courts in Alabama have recognized this premise. <u>See Abusaid v. Hillsborough County Bd. of County Comm'rs</u>, 405 F.3d 1298, 1314 (11th Cir. 2005); <u>Robinson v. Georgia Dep't of Transp.</u>, 966 F.2d 637, 638 (11th Cir. 1992); <u>Stewart v. Baldwin County Bd. of Educ.</u>, 908 F.2d 1499, 1509 (11th Cir. 1990); <u>Schopler v. Bliss</u>, 903 F.2d 1373, 1378 (11th Cir. 1990); <u>Lundgren v. McDonald</u>, 814 F.2d 600, 605 n.4 (11th Cir. 1987); <u>Tuveson v. Fla. Governor's Council on Indian Affairs, Inc.</u>, 734 F.2d 730, 732 (11th Cir. 1984); <u>Fouche v. Jekyll Island-State Park Auth.</u>, 713 F.2d 1518, 1520 (11th Cir. 1983); <u>Williams v. Bennett</u>, 689 F.2d 1370, 1376 n.4 (11th Cir. 1982); <u>Rolin v. Escambia County Bd. of Educ.</u>, 752 F. Supp. 1020, 1025 (S.D. Ala. 1990) <u>quoting</u> <u>Smith v. Dallas County Bd. of Educ.</u>, 480 F. Supp. 1324, 1336 n.2 (S.D. Ala. 1979) (acknowledging the Alabama Supreme Court's ruling that county boards of education are immune from tort suits under the eleventh amendment, but stating that "the immunity which the defendant Escambia County Board of Education claims 'is limited to state-created tort actions', and 'the immunity provided by state law does not bar a federally-

created cause of action'"); Andrews v. Coffee County Bd. of Educ., 1988 WL 214509, *4 (M.D. Ala. January 15, 1988); see also Green v. City of Bessemer, Ala., 202 F. Supp. 2d 1272, 1274 (N.D. Ala. 2002) ("Municipalities enjoy no sovereign immunity under the Eleventh Amendment."); Richards v. Southeast Ala. Youth Services Diversion Ctr., 105 F. Supp. 2d 1268, 1273-74 (M.D. Ala. 2000) (same); Does 1,2,3,4 v. Covington County School Bd., 969 F. Supp. 1264, 1272-73 (M.D. Ala. 1997) (county board of education not entitled to Eleventh Amendment immunity); Storer Cable Communications v. City of Montgomery, Ala., 806 F. Supp. 1518, 1530 (M.D. Ala. 1992) (Eleventh Amendment immunity does not apply to city or its mayor).

10.    The foregoing authority makes it exceedingly clear that the Eleventh Amendment to the United States Constitution does not deprive a federal court of subject matter jurisdiction in an action against a defendant such as the Geneva County Commission.

11.    As noted above, federal district courts "have *original* jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). The Plaintiff's apparent attempt to state a claim for "violation" of 42 U.S.C. § 1983 means the instant action is one "arising under the Constitution, laws, or treaties of the United States." Id.; see also 28 U.S.C. § 1343(a). This conclusion is supported by the fact that the Plaintiff tried to invoke the jurisdiction of the Circuit Court of Geneva County, Alabama using 28 U.S.C. §§ 1331 and 1343. See Complaint, ¶¶ 13, 18.

12.    Consequently, this Court has original jurisdiction of the action before it. Further, this Court has subject matter jurisdiction of the instant action because the Defendant properly removed the action to this Court in strict compliance with 28 U.S.C. §§ 1441 and 1446. The Defendant additionally invoked this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 regarding any and all state law claims alleged in the Complaint, to the extent such claims

are construed to exist by this Court.  Therefore, there is no legitimate legal basis for the remand of this action.

WHEREFORE, PREMISES CONSIDERED, Defendant Geneva County Commission requests this Honorable Court to deny Plaintiff's Motion for Remand and exercise jurisdiction over this matter so that all disputes between the parties hereto may be fully and completely adjudicated.

Respectfully submitted this the 8th day of August, 2007.


s/C. Richard Hill, Jr.
C. RICHARD HILL, JR. (HIL045)
Attorney for Defendant
Geneva County Commission

OF COUNSEL:

Webb & Eley, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124-0909
(334) 262-1850 – Telephone
(334) 262-1772 – Fax
rhill@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 8th day of August, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participant:  **J. E. Sawyer, Jr., Esquire.**


s/C. Richard Hill, Jr.
OF COUNSEL