IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHANE GALLAGHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 1:07cv660-WHA |
| vs. ) | |
| ) | (WO) |
| GENEVA COUNTY COMMISSION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion to Remand (Doc. #5) filed by the Plaintiff, Shane Gallagher, and a Motion to Dismiss (Doc. #2), filed by the Geneva County Commission.

The Plaintiff filed a Complaint in the Circuit Court for Geneva County, Alabama, bringing Count I, false arrest, and a Count II, a civil rights violation. The case was removed to federal court on the basis of federal question subject matter jurisdiction.

The Plaintiff filed a Motion to Remand stating that the court cannot exercise subject matter jurisdiction over Geneva County as a state entity. The Defendant moved to dismiss stating that the Plaintiff had failed to state a claim in Count II of the Complaint and that the Plaintiff failed to allege a policy or custom on the part of Geneva County, among other grounds for dismissal.

For reasons to be discussed, the Motion to Remand is due to be DENIED and the Motion to Dismiss is due to be GRANTED, but the Plaintiff will be given time to file an Amended Complaint.

## II. RELEVANT STANDARDS

### MOTION TO REMAND

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

### MOTION TO DISMISS

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir.1993). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955 (2007). The complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. The factual allegations, however, "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

## III. FACTS

The allegations of the Plaintiff's Complaint are as follows:

The Plaintiff, Shane Gallagher ("Gallagher"), alleges that in September 2005 he was falsely imprisoned at the Gulf Shores City Jail on a Geneva County, Alabama warrant.

Gallagher states that Gulf Shores authorities informed Geneva County that they would allow Gallagher to post bond for release, but that Geneva County asked that he be detained. According to Gallagher, he was detained in the Gulf Shores City Jail for four days while he waited for Geneva County to pick him up. Gallagher also alleges that the Geneva county Sheriff's Department had been made aware that the warrant issued for his arrest was in error. Gallagher alleges that the case was dismissed in October 2005 due to mistaken identity. Gallagher states that the Sheriff's department and its agents were responsible for his injuries, but does not allege a policy or custom of the Sheriff's department.

## IV.  DISCUSSION

### A.  Motion to Remand

Gallagher argues that this court ought to remand the case to Geneva County because this court lacks subject matter jurisdiction over his claims against the Geneva County Commission. Gallagher bases his argument on the Eleventh Amendment.

Only States and arms of States possess Eleventh Amendment immunity from federal suits. *Northern Ins. Co. of New York v. Chatham County, Ga.*, 547 U.S. 189, __, 126 S.Ct. 1689, 1693 (2006). Eleventh Amendment immunity does not extend to counties. *Id.* Therefore, the Geneva County Commission is not entitled to Eleventh Amendment immunity. This court has federal question subject matter jurisdiction and the Motion to Remand is due to be DENIED.

### B.  Motion to Dismiss

Although given an opportunity to respond to the Geneva County Commission's Motion to Dismiss by Order of this court (Doc. #4), Gallagher's only response has been to file a Motion

to Remand for lack of subject matter jurisdiction. As discussed above, this court has subject matter jurisdiction. The court now turns to the bases for dismissal urged by the Geneva County Commission.

The Geneva County Commission moves to dismiss Gallagher's claim in Count II of the Complaint on the basis that there can be no claim for violation of § 1983 itself. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The court agrees, therefore, that any claim brought in Count II pursuant to § 1983, which is not based on violation of a substantive provision of law, is due to be dismissed.

The Geneva County Commission also moves for dismissal of the claims against it on the ground that Gallagher has not alleged a policy or custom. A county cannot be held vicariously liable for the acts of its employees. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Pembaur v. Cincinnati*, 475 U.S. 469, 478 (1986) (noting that a local governmental unit cannot be found liable under § 1983 "by application of the doctrine of respondeat superior."). For liability to attach to a county, the county must have had a policy or custom which resulted in violation of a person's constitutional rights. *Monell*, 436 U.S. at 691. There is no allegation in the Complaint in this case that any harm suffered by Gallagher was as a result of a policy or custom of the Geneva County Commission. Although the claim is due to be dismissed on that basis, the court will dismiss the claim without prejudice and allow Gallagher additional time to file an Amended Complaint, should he choose to do so, which alleges the policy or custom pursuant to which he allegedly suffered harm in this case, if there is a good faith basis to do so.

Should Gallagher choose to file an Amended Complaint, however, because the Geneva County Commission cannot be held liable for punitive damages, Gallagher's claim for punitive damages against the Geneva County Commission is due to be dismissed with prejudice. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

Finally, the Geneva County Commission moves for dismissal of claims against fictitious parties. The court agrees that fictitious parties are due to be dismissed with prejudice. *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Hester v. Lowndes County Com'n.*, No. 2:06CV572-WHA, 2006 WL 2547430, *9 (M.D. Ala. Sep 01, 2006).

## V. **CONCLUSION**

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Remand (Doc. #5) is DENIED.

2. The Motion to Dismiss (Doc. #2) is GRANTED to the following extent:

a. The claim asserted in Count II of the Complaint, all claims for punitive damages against the Geneva County Commission, and all fictitious parties are DISMISSED with prejudice.

b. The claim against the Geneva County Commission in Count I of the Complaint, for false arrest and/or imprisonment, is DISMISSED without prejudice and Gallagher is given until September 11, 2007 to file a new Amended Complaint, should he choose to do so. Any Amended Complaint Gallagher may choose to file must be complete unto itself and must state the claim for relief and the policy or custom which serves as a basis for liability as against the Geneva County Commission.

Done this 29th day of August, 2007.

       /s/ W. Harold Albritton
       W. HAROLD ALBRITTON
       SENIOR UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.**     **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a)   **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b)   **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c)   **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d)   **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e)   **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).