IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHANE GALLAGHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.  1:07cv660-WHA |
| vs. | ) | |
| | ) | (WO) |
| GENEVA COUNTY COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

This cause is before the court on a Motion to Remand (Doc. #5) filed by the Plaintiff, Shane Gallagher, and a Motion to Dismiss (Doc. #2), filed by the Geneva County Commission.

The Plaintiff filed a Complaint in the Circuit Court for Geneva County, Alabama, bringing Count I, false arrest, and a Count II, a civil rights violation.  The case was removed to federal court on the basis of federal question subject matter jurisdiction.

The Plaintiff filed a Motion to Remand stating that the court cannot exercise subject matter jurisdiction over Geneva County as a state entity.  The Defendant moved to dismiss stating that the Plaintiff had failed to state a claim in Count II of the Complaint and that the Plaintiff failed to allege a policy or custom on the part of Geneva County, among other grounds for dismissal.

For reasons to be discussed, the Motion to Remand is due to be DENIED and the Motion to Dismiss is due to be GRANTED, but the Plaintiff will be given time to file an Amended Complaint.

## II.  RELEVANT STANDARDS

### MOTION TO REMAND

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

### MOTION TO DISMISS

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir.1993).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955 (2007).  The complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.  The factual allegations, however,  "must be enough to raise a right to relief above the speculative level." *Id*. at 1965.

### III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

 The Plaintiff, Shane Gallagher ("Gallagher"), alleges that in September 2005 he was falsely imprisoned at the Gulf Shores City Jail on a Geneva County, Alabama warrant.

Gallagher states that Gulf Shores authorities informed Geneva County that they would allow Gallagher to post bond for release, but that Geneva County asked that he be detained.  According to Gallagher, he was detained in the Gulf Shores City Jail for four days while he waited for Geneva County to pick him up.  Gallagher also alleges that the Geneva county Sheriff's Department had been made aware that the warrant issued for his arrest was in error.  Gallagher alleges that the case was dismissed in October 2005 due to mistaken identity.  Gallagher states that the Sheriff's department and its agents were responsible for his injuries, but does not allege a policy or custom of the Sheriff's department.

## IV.  <u>DISCUSSION</u>

### A.  Motion to Remand

Gallagher argues that this court ought to remand the case to Geneva County because this court lacks subject matter jurisdiction over his claims against the Geneva County Commission. Gallagher bases his argument on the Eleventh Amendment.

Only States and arms of States possess Eleventh Amendment immunity from federal suits.  *Northern Ins. Co. of New York v. Chatham County, Ga.*, 547 U.S. 189, __, 126 S.Ct. 1689, 1693 (2006).  Eleventh Amendment immunity does not extend to counties.  *Id.*  Therefore, the Geneva County Commission is not entitled to Eleventh Amendment immunity.   This court has federal question subject matter jurisdiction and the Motion to Remand is due to be DENIED.

### B.  Motion to Dismiss

Although given an opportunity to respond to the Geneva County Commission's Motion to Dismiss by Order of this court (Doc. #4), Gallagher's only response has been to file a Motion

to Remand for lack of subject matter jurisdiction.  As discussed above, this court has subject

matter jurisdiction.  The court now turns to the bases for dismissal urged by the Geneva County

Commission.

The Geneva County Commission moves to dismiss Gallagher's claim in Count II of the

Complaint on the basis that there can be no claim for violation of § 1983 itself.  Section 1983

"'is not itself a source of substantive rights,' but merely provides 'a method for vindicating

federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  The court

agrees, therefore, that any claim brought in Count II pursuant to § 1983, which is not based on

violation of a substantive provision of law, is due to be dismissed.

The Geneva County Commission also moves for dismissal of the claims against it on the

ground that Gallagher has not alleged a policy or custom.  A county cannot be held vicariously

liable for the acts of its employees.  *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978);

*Pembaur v. Cincinnati*, 475 U.S. 469, 478 (1986) (noting that a local governmental unit cannot

be found liable under § 1983 "by application of the doctrine of respondeat superior.").  For

liability to attach to a county, the county must have had a policy or custom which resulted in

violation of a person's constitutional rights.  *Monell*, 436 U.S. at 691.  There is no allegation in

the Complaint in this case that any harm suffered by Gallagher was as a result of a policy or

custom of the Geneva County Commission.  Although the claim is due to be dismissed on that

basis, the court will dismiss the claim without prejudice and allow Gallagher additional time to

file an Amended Complaint, should he choose to do so, which alleges the policy or custom

pursuant to which he allegedly suffered harm in this case, if there is a good faith basis to do so.

Should Gallagher choose to file an Amended Complaint, however, because the Geneva County Commission cannot be held liable for punitive damages, Gallagher's claim for punitive damages against the Geneva County Commission is due to be dismissed with prejudice. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

Finally, the Geneva County Commission moves for dismissal of claims against fictitious parties. The court agrees that fictitious parties are due to be dismissed with prejudice. *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Hester v. Lowndes County Com'n.*, No. 2:06CV572-WHA, 2006 WL 2547430, *9 (M.D. Ala. Sep 01, 2006).

## V. <u>CONCLUSION</u>

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Remand (Doc. #5) is DENIED.

2. The Motion to Dismiss (Doc. #2) is GRANTED to the following extent:

a. The claim asserted in Count II of the Complaint, all claims for punitive damages against the Geneva County Commission, and all fictitious parties are DISMISSED with prejudice.

b. The claim against the Geneva County Commission in Count I of the Complaint, for false arrest and/or imprisonment, is DISMISSED without prejudice and Gallagher is given until September 11, 2007 to file a new Amended Complaint, should he choose to do so. Any Amended Complaint Gallagher may choose to file must be complete unto itself and must state the claim for relief and the policy or custom which serves as a basis for liability as against the Geneva County Commission.

Done this 29th day of August, 2007.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE